UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

VS.

MOHAMMED KHALIL

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 11, 2005 ★
P.M. _____
TIME A.M. _____**

JUDGMENT INCLUDING SENTENCE

NO.: CR 03-372(S-6)(01)(JG)
USM# 61673-053

| John L. Smith | Henry Shapiro | Deborah Colson, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Mohammed Khalil** having been found guilty by a jury on counts 1-6, 8-9, 12-14 accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | COUNT NUMBERS |
|---|---|---|
| 18USC1203(a) | CONSPIRACY TO KIDNAP | 1 |
| 18USC1203(a) | KIDNAPING | 2 |
| 18USC1201(a) | CONSPIRACY TO KIDNAP | 3 |
| 18USC1201(a) | KIDNAPING | 4 |
| 18USC1951(a) | CONSPIRACY TO COMMIT EXTORTION | 5 |
| 18USC1951(a) | EXTORTION | 6 |
| 18USC1951(a) | CONSPIRACY TO COMMIT EXTORTION | 8 |
| 18USC1951(a) | EXTORTION ATTEMPT | 9 |
| 18USC924(c)(1)(A)(ii) | USE OF A FIREARM IN RELATION TO A CRIME OF VIOLENCE | 12 |
| 18USC912 | IMPERSONATION OF A FEDERAL OFFICER | 13 |
| 18USC1512(b)(3) | TAMPERING WITH A WITNESS | 14 |

The defendant is sentenced as provided in pages 2 through 6 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

__X__ The defendant is advised of his/her right to appeal within ten (10) days.

____ The defendant has been found not guilty on count(s) and discharged as to such count(s)

__X__ Open counts are dismissed on the motion of the United States.

____ The mandatory special assessment is included in the portion of Judgment that imposes a fine.

__X__ **It is ordered that the defendant shall pay to the United States a special assessment of $1100.00 which shall be due immediately.**

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

JULY 28, 2005
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature
A TRUE COPY ATTEST    8-2-05
DEPUTY CLERK

*Vivian Klein*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **LIFE ON COUNTS 1,2 &4; LIFE ON COUNT 3; TWENTY (20) YEARS ON COUNTS 5-9; SEVEN (7) YEARS ON COUNT 12; THREE (3) YEARS ON COUNT 13; TEN (10) YEARS ON COUNT 14. ALL TO RUN CONCURRENTLY WITH EACH OTHER EXCEPT FOR COUNT 12 WHICH WILL RUN CONSECUTIVE.**

__X__ The Court recommends that the defendant be designated to a correctional facility as close as possible to the New York Metropolitan area, if consistent with the Bureau of Prison policy.

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this District.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ____ -12:00 noon._____.
    _ As notified by the United States Marshal.
    _ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

    _____
    United States Marshal

    By: _____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **FIVE (5) YEARS ON COUNTS 1-4; THREE (3) YEARS ON COUNTS 5-9; THREE (3) YEARS ON COUNT 14; ONE (1) YEAR ON COUNT 13. ALL TO RUN CONCURRENTLY.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.